## CIRCUIT COURT OF FAIRFAX COUNTY

Karen M. Hudson

v.

Jon V. Hudson

November 22, 1995

Case No. (Chancery) 123302

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on defendant's motion to reduce or terminate spousal support. That motion was filed on September 25, 1995, and served on the complainant by mailing a copy of the motion to her counsel of record. At the hearing of the motion on November 17, 1995, complainant's counsel objected to the sufficiency of service of the motion on the complainant. The Court took under advisement the issue of the sufficiency of service and heard testimony of the defendant in support of the motion in the event service was deemed sufficient.

For the reasons stated below, the Court finds that the motion to reduce or terminate spousal support was not properly served on the complainant. Therefore, she is not before the Court in regard to that motion, and no action can be taken on the motion.

Section 20-112 of the Code of Virginia provides that "[w]hen the proceedings are reopened to increase, decrease, or terminate maintenance and support for a spouse . . . the petitioning parties shall give such notice to the other party by service of process or by order of publication as is required by law." "Service of process" means precisely that. Service of a motion by mailing a copy to opposing counsel is sufficient for active matters on the Court's docket. But to reopen proceedings, the petitioning party must serve the other party "by service of process or by an order of publication"

to bring that other party before the Court.[1] The instant case had been inactive since June 17, 1994, when this Court entered a decree modifying spousal support. Any motion to modify spousal support in this matter requires that the case be reopened and service of process be made.

At the hearing on November 17, defendant also requested that in the event service of process was found to be insufficient, his testimony at the November 17 hearing be used by the Court at a later hearing following proper service. That request is also denied. Without proper service on the complainant, the Court lacks jurisdiction to hear any evidence in this matter. However, assuming this matter goes forward, the Court encourages counsel to discuss agreeing to the use of that testimony to avoid the expenses of Mr. Hudson having to reappear.

---

[1] There is also a fee charged by the Clerk's office to reopen a case, but the payment of that fee could have been accomplished and would not have been a bar to hearing the matter on November 17.